Charles COUGHLAN, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, As Designee of Raymond P. Donovan, Secretary of Labor, Respondent.**

**John Peter SERTICH, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, as Designee of Raymond P. Donovan, Secretary of Labor, Respondent.**

Nos. 84–1831, 84–1832.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1985.

Decided March 27, 1985.

I. John Rossi, West Des Moines, Iowa, for petitioner.

Nathaniel Spiller, O.W.C.P., Washington, D.C., for respondent.

Before BRIGHT, ARNOLD, and BOWMAN, Circuit Judges.

BRIGHT, Circuit Judge.

Charles Coughlan and John Peter Sertich, two former coal miners, seek review of decisions by the Department of Labor's Benefits Review Board (BRB) affirming denials of their claims for disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45 (1982) (the Act). The BRB concluded that the denial determinations, which had been issued by an administrative law judge (ALJ) after hearings on the claims, were supported by substantial evidence and contained no prejudicial errors of law. For reversal, Coughlan and Sertich contend that the administrative decisionmakers erred in failing to give them the benefit of the rebuttable presumption of total disability appearing at 20 C.F.R. § 410.490(b). Sertich also argues that the ALJ erroneously denied him any opportunity to respond to certain adverse evidence which had been incorporated into the administrative record after the hearing on his claim. We reverse the BRB's decisions in both cases, and remand for further proceedings.

## I. PRESUMPTION OF TOTAL DISABILITY.

■ A miner is entitled to disability benefits under the Act if he is totally disabled by pneumoconiosis arising out of his coal mine employment. 30 U.S.C. §§ 901(a), 902(b). Congress, and the various agencies responsible for administering the benefit program, have recognized that the existence and causes of pneumoconiosis are difficult to determine, and have over the years established a number of evidentiary presumptions to assist miners in proving their claims. One such presumption is the following:

(b) *Interim presumption.* With respect to a miner who files a claim for benefits before July 1, 1973, * * * such miner will be presumed to be totally disabled due to pneumoconiosis * * * if:

(1) One of the following medical requirements is met:

(i) A chest roentgenogram (X-ray) * * establishes the existence of pneumoconiosis * * * ;

\* \* \* \* \* \*

(2) The impairment established in accordance with paragraph (b)(1) of this section arose out of coal mine employment * * *.

\* \* \* \* \* \*

(c) *Rebuttal of presumption.* The presumption in paragraph (b) of this section may be rebutted if:

(1) There is evidence that the individual is, in fact, doing his usual coal mine work or comparable and gainful work * * *.

20 C.F.R. § 410.490 (1984).

Neither Sertich nor Coughlan filed a claim for benefits before July 1, 1973; however, Congress in 1977 passed the following amendment to the Act, which all parties to the present action agree applies to the Coughlan and Sertich claims:

(f)(1) The term "total disability" has the meaning given it by regulations of * * * the Secretary of Labor * * * except that—

\* \* \* \* \* \*

(2) Criteria applied by the Secretary of Labor

\* \* \* \* \* \*

shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973, whether or not the final disposition of any such claim occurs after

the date of such promulgation of regulations by the Secretary of Labor.

30 U.S.C. § 902(f).

In the proceedings before the ALJ, the Department of Labor conceded that both Sertich and Coughlan had pneumoconiosis, and that Coughlan's pneumoconiosis resulted from coal mine employment. Both miners produced X-ray evidence which they now allege was sufficient to satisfy the medical requirement of the section 410.-490(b) total disability presumption. The ALJ, however, made no findings about whether the medical requirements of section 410.490(b) had been met, nor about whether Sertich's pneumoconiosis had arisen out of coal mine employment. Nor did the ALJ shift the burden of proof. The ALJ instead evaluated the claims as if the burden had remained with the claimants, and concluded Sertich and Coughlan had failed to establish total disability. The BRB affirmed the ALJ's findings; Sertich and Coughlan argue that this was legal error.

Counsel for the Department of Labor contend that because Sertich and Coughlan did not file their claims before July 1, 1973, the section 410.490(b) presumption of total disability was inapplicable. The Department reads the 1977 addition of 30 U.S.C. § 902(f)(2) to the Act to mean only that the Secretary of Labor may not apply *medical* criteria more restrictive than those that applied to claims pending on June 30, 1973. The Department points out that 20 C.F.R. § 727.203(a)—a regulation, promulgated by the Secretary of Labor, that creates a presumption of total disability using medical criteria identical to those appearing in 20 C.F.R. § 410.490(b)—conditions availability of the total disability presumption on proof by the miner of ten years of coal mine employment. Neither Sertich nor Cough-

lan proved he had completed ten years of coal mine employment. Counsel for the Department conclude that section 727.-203(a) supercedes section 410.490(b) in the circumstances of this case, and that the ALJ and BRB correctly placed the burden of proving total disability on Sertich and Coughlan.

■ The Department's arguments are unpersuasive. The Department offers only ambiguous bits of legislative history in support of its contention that the word "criteria" in 30 U.S.C. § 902(f)(2) should be read as "medical criteria." The Third Circuit has rejected these very same legislative history arguments. *Halon v. Director, Office of Workers' Compensation Programs,* 713 F.2d 21 (3d Cir.1983) (on rehearing). We agree with the Third Circuit. We also note the anomoly in the Department's reading of 20 C.F.R. § 727.203(a). The Department alleges that the ten-year requirement of section 727.203(a) is wholly "non-medical," and goes solely to whether the claimant's pneumoconiosis arose out of coal mine employment. Yet the Department also reads section 727.203(a) as precluding, at least for purposes of the total disability presumption, claimants who worked less than ten years in the mines from proving that their pneumoconiosis did in fact result from coal mine employment. Although we frequently defer to an administrative agency's interpretation of its own regulations, the construction urged by the Department here has little to recommend it. We conclude that the ALJ and BRB erred in failing to evaluate the evidence presented by Coughlan and Sertich under the criteria contained in 20 C.F.R. § 410.490.[1]

## II. HEARING PROCEDURE.

■ In support of his claim, Sertich submitted an X-ray, dated October 8, 1980. A

---

1. With regard to Sertich's claim, the BRB concluded that even if the section 410.490(b) presumption of total disability applied, no prejudicial error had occurred, because any such presumption had been rebutted. In support of this conclusion, the BRB pointed to certain findings made by the ALJ regarding the weight and persuasiveness of various items of evidence. The BRB's reasoning on this point was faulty. Had

the ALJ applied the presumption, his evaluation of the evidence might well have been quite different, because the burden of proof would have been on the Department, rather than on Sertich. Moreover, the BRB had no authority to engage in its own de novo assessment of the evidence. *Director, Office of Workers' Compensation Programs v. Rowe,* 710 F.2d 251, 254 (6th Cir.1983).

Dr. Bridenstine had read this X-ray as positive for pneumoconiosis. Sertich also submitted medical evidence from a Dr. Rasmussen; Dr. Rasmussen's findings and conclusions, which relied in part on Dr. Bridenstine's reading of the October 1980 X-ray, were quite favorable to Sertich's claim. After the hearing, counsel for the Department of Labor requested that the October 1980 X-ray be re-read by a reader more highly qualified than Dr. Bridenstine. The X-ray was re-read by a "B" reader, who concluded that it was unreadable. The ALJ, without providing Sertich a copy of the new reading or permitting him an opportunity to rebut the "B" reader's conclusion, used the new report to discredit Dr. Rasmussen's evidence.

Sertich contends that this procedure denied him a fair hearing. We agree. Fundamental concepts of fairness require that litigants be given equal opportunities to present their respective positions. *See Souch v. Califano*, 599 F.2d 577 (4th Cir. 1979). Here, although counsel for the Department was given the opportunity to respond to all of Sertich's evidence, Sertich did not receive a similar opportunity. Moreover, Dr. Rasmussen's evidence, if believed, might well have established Sertich's right to benefits. *See, e.g.*, 20 C.F.R. § 718.204(b)(4). Although the BRB concluded that the ALJ would have rejected Dr. Rasmussen's evidence even without the "B" reader's report, we are far from certain of this. We hold that the BRB and ALJ committed reversible error in failing to provide Sertich an opportunity to respond to the "B" reader's report.

## III. CONCLUSION.

On brief, Coughlan and Sertich allege that the administrative decisions at issue contained other errors of law. Although we have considered these arguments, we have found no other prejudicial errors of law. We note, however, that if on remand the section 410.490(b) presumption is found applicable, certain conflicts in the evidence may require reevaluation, in view of the shift in the burden of proof.

Accordingly, we reverse the decisions of the BRB on these claims, and remand the claims to the BRB for further proceedings. On remand, the administrative decision-makers should consider whether Coughlan or Sertich qualified for the section 410.-490(b) presumption of total disability and whether, if either claimant did qualify, the Department rebutted the presumption. Sertich must be given a meaningful opportunity to respond to the evidence that was incorporated into the record after his hearing. Although the Department is of course bound on remand by the factual stipulations it has made, we express no opinion as to the merits of either claim.