**Harold L. LEOPARD, Petitioner,**

v.

**DIRECTOR, OWCP, U.S. DEPARTMENT OF LABOR, Respondent.**

**No. 88–1246.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1988.

Decided Nov. 16, 1988.

I. John Rossi, Des Moines, Iowa, for petitioner.

Ronald G. Ray, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge and LARSON, Senior District Judge.*

ORDER OF REMAND

This matter is before the court following briefing and oral argument. The Director finally denied Leopard's application for Black Lung Benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 901, et seq.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

Leopard submitted to the administrative law judge the results of four separate lung x-rays, two of which were unreadable and one of which was read as negative by two different readers. The final x-ray, taken on April 14, 1984, was read by one Dr. Zeitler who gave it a positive reading and also apparently a negative reading.[1] The administrative law judge, without explanation, interpreted Dr. Zeitler's reading as negative for pneumoconiosis.

The Director concedes that the administrative law judge erred in reviewing the April 1984 lung x-ray. Under the standards set forth in *Coughlan v. Director, Office of Workers' Compensation Programs*, 757 F.2d 966 (8th Cir.1985), Leopard is entitled to a presumption of total disability due to pneumoconiosis, under 20 C.F.R. § 410.490, if an x-ray positively establishes the existence of pneumoconiosis. The administrative law judge denied Leopard the benefit of this presumption by refusing to acknowledge the positive x-ray reading. In light of the Director's concession of error on this point, we vacate the judgment and remand this case to the Benefits Review Board for reconsideration in light of *Coughlan.* The Board is obligated to resolve this case within thirty days after the Supreme Court issues its opinion in *In re Sebben*, 815 F.2d 475 (8th Cir.1987), *cert. granted sub nom. Pittston Coal Group v. Sebben*, — U.S. —, 108 S.Ct. 1011, 98 L.Ed.2d 977 (1988) (the Supreme Court in that case might alter the *Coughlan* rule and thus the outcome here). Any further proceedings or hearings that may be necessary to resolve this case must be taken up promptly to comply with the thirty-day limitation.

On remand, there should be a reexamination of Leopard, including x-rays of the lungs and a complete examination and report of his pulmonary function. The pulmonary function examination is warranted because the results of the pulmonary function study submitted to the administrative law judge were not complete.

Finally, we affirm the administrative law judge's determination crediting Leopard with one year and six months of coal mine employment. We have reviewed the record and conclude that this finding is supported by substantial evidence on the record as a whole, *Newman v. Director, Office of Workers' Compensation Programs*, 745 F.2d 1162, 1164 (8th Cir.1984), and thus we will not disturb this finding.

---

1. The Government concedes that the x-ray in question received a positive reading for pneumoconiosis by Dr. Zeitler. The record is not clear as to how or why the x-ray also received a negative reading.